UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

IN RE:                                            CASE NO. 3:14-bk-02097-JAF
                                                  CHAPTER 11
TOWNCENTER CROSSINGS
RETAIL, LLC

                       **Debtor**    /

## ORDER CONFIRMING PLAN

The Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by Towncenter Crossings Retail, LLC (the "Debtor") dated August 13, 2014 [Docket No. 40] (the "Plan"), having been transmitted to creditors; and it having been determined after hearing on notice before the court on January 6, 2015 that the requirements for confirmation set forth in 11 U.S.C. § 1129(a) have been met, it is

**ORDERED:**

1. The Plan is Confirmed. A copy of the confirmed Plan is attached to this Order.

2. Any executory contracts and unexpired leases executed by the Debtor post-petition shall be deemed assumed under the Plan.

3. The Debtor shall continue to pay fees assessed pursuant to 28 U.S.C. Section 1930(a)(6) until such time as this Bankruptcy Court enters a final decree or an order is entered which administrative closes this Chapter 11 case, or this case is converted or dismissed.

4. The Debtor shall file with the Bankruptcy Court a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee.

5. Upon the substantial consummation of the Debtor's Plan under 11 U.S.C. § 1101(2), the Debtor may seek by motion the entry of a final decree.

DATED: January 8, 2015

_____
**JERRY A. FUNK**
**United States Bankruptcy Judge**

Attorney William B. McDaniel is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

IN RE:                                      CASE NO. 3:14-bk-02097-JAF
                                            CHAPTER 11
TOWNCENTER CROSSINGS
RETAIL, LLC

_____Debtor_____/

## DEBTOR'S PLAN OF REORGANIZATION

Towncenter Crossings Retail, LLC, as Debtor and debtor-in-possession, proposes the following Plan of Reorganization.

## ARTICLE 1
## DEFINITIONS

1.1. "ADMINISTRATIVE EXPENSE" shall mean any cost or expense of administration of the Chapter 11 case allowed under Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

1.2. "ALLOWED" shall mean any such Claim, proof of which was timely and properly filed or, if no proof of claim was filed, which has been or hereafter is listed by the Debtor on its schedules as liquidated in amount and not disputed, contingent or unknown, and, in either case, a Claim as to which no objection to the allowance thereof has been filed on or before the Effective Date or such other applicable period of limitation fixed by the Plan. Unless otherwise specified herein or by order of the Court, an "Allowed Claim" shall not, for purposes of computation of distributions under the Plan, include interest and/or penalties on such Claim for the period from and after the Petition Date.

1.3. "BANKRUPTCY CODE" shall mean any chapter under Title 11 of the United States Code.

1

1.4. "CLAIM" shall mean a duly listed or timely filed claim which is Allowed and ordered paid by the Court.

1.5. "CONFIRMATION DATE" means the date on which the Court shall enter the Confirmation Order.

1.6. "CONFIRMATION ORDER" shall mean the order of the Court confirming this Plan.

1.7. "COURT" shall mean the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, including the United States Bankruptcy Judge presiding in Debtor's Chapter 11 case.

1.8. "CREDITORS" shall mean all Debtor's creditors holding claims for unsecured, secured, or priority debts, liabilities, demands or claims of any character whatsoever.

1.9. "DEBTOR" shall mean Towncenter Crossings Retail, LLC.

1.10. "EFFECTIVE DATE" shall be that date on which the order confirming the Plan becomes final, which is 14 days after entry of the Confirmation Order.

1.11. "FIRM" shall mean Lansing Roy, P.A. and any attorneys, paraprofessionals, employees, agents or assigns acting on its behalf.

1.12. "PETITION DATE" shall mean April 29, 2014, the date on which the Debtor's Chapter 11 petition was filed.

1.13. "PLAN" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

1.14. "PROPERTY" shall mean the real property located at 1809 and 1811 Town Center Boulevard, Fleming Island, Florida 32003.

1.15. "SECURED CREDITORS" shall mean all creditors who hold a lien, security interest, or other encumbrance properly perfected as required by law with respect to property owned by Debtor.

## ARTICLE 2
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**Summary.** The categories of Claims and interests listed below are classified for all purposes, including voting, confirmation, and distribution pursuant to the Plan:

Class 1:   Administrative Expenses.

Class 2:   Unsecured Claims.

Class 3:   Secured Claims of Clay County Tax Collector.

Class 4:   Secured Mortgage Claim of StanCorp Mortgage Investors, LLC.

Class 5:   Secured Claim of PPF Holdings III, Ltd.

Class 6:   Equity Interests.

2.1. **Class 1: Administrative Expenses.** All allowed administrative expenses for which application is filed prior to the Effective Date, and owing at the time of confirmation, will be paid as a condition precedent to the Confirmation Order, unless otherwise agreed by the holder of the administrative expense. The funds will come from operations. The U.S. Trustee fees are being paid on a current basis.

    2.1.1. It is anticipated that the U.S. Trustee fee assessment for the calendar quarter at confirmation shall not exceed $650.00. The Debtor shall continue to pay fees assessed pursuant to 28 U.S.C. Section 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5).

2.1.2. It is anticipated that any legal fees and costs above the retainer already provided, if any, owed to the Firm at confirmation shall not exceed $10,000.00.[1] Debtor shall pay these fees in monthly installments as agreed upon by the Debtor and the Firm over a period not to exceed 12 months from the Effective Date.

2.1.3. This class of claims is not impaired.

2.2. **Class 2: Unsecured Claims.** Allowed Unsecured Claims total approximately $236.75. Below is a list of all Allowed Unsecured Claims which are entitled to a distribution under this class:

| Unsecured Creditor | Claim No. | Claim Amount |
|---|---|---|
| David Fox Cleaning | Scheduled | $117.70 |
| Waste Pro Jacksonville | Scheduled | $119.05 |

The Debtor proposes to pay this class of creditors according to the following terms:

2.2.1. Creditors in this class shall be paid 100% of their allowed claims in full, with no interest, in one single payment.

2.2.2. Payments are due under this class within 30 days of the Effective Date.

2.2.3. This class of claims is not impaired

2.3. **Class 3: Secured Claims of Clay County Tax Collector.** The Debtor is indebted to the Clay County Tax Collector ("Tax Collector") for the following tax years:

| Tax Year | Tax Type / Security | Amount | Rate of Interest |
|---|---|---|---|
| 2011 | Real Property | $27,771.62 | 5.00% |
| 2012 | Real Property | $26,623.24 | 5.00% |
| 2013 | Real Property | $23,676.53 | 5.00% |
| 2014 | Real Property | $23,000.00 (estimated) | 5.00% |

The Debtor proposes to pay this class of creditors the full amount of their allowed claims, according to the following terms:

---

[1] Such legal fees are subject to review by the Court for reasonableness.

4

    2.3.1. The Debtor will pay the Tax Collector $101,071.39 amortized over 60 months at an interest rate of 5.00% per annum. The monthly payment shall be approximately $1,907.34.

    2.3.2. The first payment to the Tax Collector under this class shall be the tenth (10th) day of the first (1st) month following the Effective Date, and continue on the tenth (10th) day of each month thereafter until paid in full.

    2.3.3. The Debtor shall have a 30 day grace period on all payments.

    2.3.4. The Debtor shall have the right to prepay this class in full or in part at any time without penalty.

    2.3.5. This class of claims is impaired.

    2.4. **Class 4: Secured Mortgage Claim of StanCorp Mortgage Investors, LLC.** StanCorp Mortgage Investors, LLC ("Standard") holds a first mortgage lien on the Property and a first security interest the cash collateral of the Debtor totaling approximately $1,911,397.51[2]. Standard has not yet filed a claim in the Debtor's case. The Debtor contends the value of the Property securing Standard's first mortgage claim is far less than the balance owed to Standard. The Debtor intends to retain the Property and continue its use of the cash collateral and proposes to pay Standard according to the following terms:

    2.4.1. Standard shall retain a secured first mortgage on the Property and a first security interest in the cash collateral related to the Property.

    2.4.2. The balance of Standard's mortgage shall be $700,000.00 (the "New Principal Balance").

---

[2] Debtor's Schedules filed May 13, 2014 [Docket No.: 25] list Standard's claim at $3,373,933.76, which encompasses un-incurred fees and penalties. The $1,911,397.51 balance listed above more accurately reflects the actual amount owed on Standard's claim as of the Petition Date.

5

2.4.3. The Debtor will pay Standard the New Principal Balance according to the following terms:

2.4.3.1. <u>The Interest Only Period</u>. For months 1 – 60, the Debtor shall pay Standard an interest only payment of 6.00% per annum on the New Principal Balance. Monthly interest only payment shall be $3,500.00.

2.4.3.2. <u>The Principal and Interest Period</u>. Beginning in month 61, the New Principal Balance shall be amortized over 240 months at an interest rate of 6.00% per annum. The monthly principal and interest payment shall be approximately $5,015.02.

2.4.4. The first payment to Standard under this class shall be the tenth (10th) day of the first (1st) month following the Effective Date, and continue on the tenth (10th) day of each month thereafter until paid in full.

2.4.5. The Debtor shall have a 30 day grace period on all payments.

2.4.6. The Debtor shall have the right to prepay this class in full or in part at any time without penalty.

2.4.7. All other terms of the loan documents with Standard not amended herein shall remain in full force and effect.

2.4.8. This class of claims is impaired.

2.5. **Class 5: Secured Claim of PPF Holdings III, Ltd.** PPF Holdings III, Ltd. ("PPF") filed secured claim 2-1 asserting that PPF owns the 2012 property tax certificate on the Property. Debtor filed an objection to this claim on August 13, 2014 [Docket No.: 39] as the claim is duplicative. All payments of delinquent property taxes shall be paid to the Tax Collector under Class 3 of the Plan, and the Tax Collector shall be responsible for distributing those payments to

the appropriate certificate holders. Accordingly, PPF shall receive no direct distributions under the Plan and is not entitled to vote on the Plan. This class of claims is not impaired.

2.6.    **Class 6: Equity Interest.** All equity interests in the Debtor shall be retained, and all rights and privileges of shareholders shall remain unaltered. This class of claims is not impaired.

## ARTICLE 3
## MANAGEMENT STRUCTURE

3.1.    Following confirmation, John W. O'Connor, as the Debtor's manager, will continue to manage the Debtor's operations. While no changes are foreseen as of the date of this Disclosure Statement, this relationship may change post-confirmation.

3.2.    Following Confirmation, O'Connor Development Corporation shall continue to act as property manager for the Debtor and shall continue to be compensated by the Debtor for its roll as property manager. While no changes are foreseen as of the date of this Disclosure Statement, this relationship may change post-confirmation.

## ARTICLE 4
## MEANS FOR EXECUTION OF THE PLAN

4.1.    In order to provide adequate means for the Plan's execution the Debtor proposes:

(a) Continuation and restructuring of the Debtor's financial affairs.

(b) Curing or waiving any defaults.

(c) Extension of a maturity date or change in an interest rate or outstanding securities.

(d) Retention by the Debtor of all estate property.

(e) All payments called for by the Plan irrespective of the class of creditor will have a 30 day grace period unless otherwise provided for in the Plan.

(f) Any amount of an Allowed Claim, other than the amount owed as of the Petition Date, that arose before the date of confirmation will be discharged to the extent not provided for in the Plan or in the Order of Confirmation.

(g) Except as otherwise provided in the Plan or in the Order Confirming the Plan, the confirmation of the Plan vests all of the property of the estate in the Debtor.

(h) Except as provided in subsection 11 U.S.C. §1141(d)(2) and (d)(3) and as otherwise provided in the Plan or in the Order Confirming the Plan, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4.2.  All claims and causes of action in favor of the Debtor are hereby reserved and retained to be prosecuted before and after confirmation and the Debtor expressly reserves any rights and powers that the Debtor may enjoy as the debtor-in-possession, including but not limited to the ability to object to claims, to be utilized after confirmation.

4.3.  Pursuant to 11 U.S.C. §1141(a) all of the provisions of this Plan will bind all creditors of the Debtor, whether or not the claims or interests of such creditor is impaired under this Plan and whether or not such creditor has accepted this Plan.

(the remainder of this page is intentionally left blank)

## ARTICLE 5
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1. The Debtor, as lessor/landlord, has the following pre-petition executory contracts and unexpired leases, with its lessees/tenants, which the Debtor shall assume through the Plan and continue to comply with their original terms:

| Tenant: | Location: |
| --- | --- |
| Bamboo Garden Salon, Inc. | 1809-2 & 1809-3 Towncenter Blvd. |
| DeHart Enterprises, Inc. | 1811 Towncenter Blvd. |
| Subway Real Estate Corp. | 1809-1 Towncenter Blvd. |

5.2. The Debtor has remained current on its obligations under the above leases and executory contracts throughout the pendency of this Chapter 11 case. Any pre-petition executory contract or unexpired lease not specifically mentioned above shall be rejected unless otherwise indicated under the Plan.

(signature page follows)

Dated this 13th day of August, 2014

_____
Towncenter Crossings Retail, LLC
John W. O'Connor – Manager

LANSING ROY, P.A.

/s/ William B. McDaniel
Christopher R. DeMetros, Esquire
Florida Bar No. 0863467
Kevin B. Paysinger, Esquire
Florida Bar No. 0056742
William B. McDaniel, Esquire
Florida Bar No. 084469
Attorney for Debtor(s)
1710 Shadowood Lane, Suite 210
Jacksonville, FL 32207-2184
court@lansingroy.com
Telephone: (904) 391-0030
Facsimile: (904) 391-0031